**Gerald L. K. SMITH, Appellant,**

**v.**

**Albert LEVITT, Appellee.**

**No. 14420.**

United States Court of Appeals
Ninth Circuit.

July 22, 1955.

[redacted]

1. United States v. Bollenbach, 2 Cir., 125 F.2d 458, 459.

Bertrand L. Comparet, San Diego, Cal., for appellant.

Albert Levitt, in pro. per.

Before STEPHENS and FEE, Circuit Judges, and TAYLOR, District Judge.

JAMES ALGER FEE, Circuit Judge.

Plaintiff Levitt sent to a congressional committee a telegram in which he said he had "what I believe to be irrefutable evidence that Senator Joseph McCarthy is, himself, a member of subversive organizations whose purpose is to overthrow the Government of the United States, by peaceable means if possible, but by force if necessary." Plaintiff himself gave this communication to the newspapers in Los Angeles, where it was published.

Defendant thereupon published in "The Cross and the Flag," which is a periodical put out at intervals of one

month with a circulation of about twenty-five thousand copies, a reply to this telegram, which was there set out in full. The gist of this publication was the statement that the telegram was:

" * * * an obvious concoction, a lie from the whole cloth, released by Albert Levitt * * *"

and the supporting note:

"Editor's note: Anyone as expert as the writer in interpreting the propaganda of liars against patriots can see in the Levitt statement a ruthless dagger dripping 'the blood' of character assassination."

Plaintiff thereupon filed an action for damages for defamation in the federal court on the basis of diversity of citizenship. The case was tried before a judge without a jury by stipulation. A judgment was entered for $750.00 against defendant, who brought this appeal.

■■ The trial court took the position that the publication by Smith was libelous in and of itself without proof of damage. In this we agree. Next, it was held in effect that Levitt had not stated as a fact that McCarthy was a subversive, but only voiced an opinion that irrefutable evidence of the fact was in possession of Levitt. A libel may be published as an opinion. When the belief was challenged as false, it was proper for plaintiff to be required to prove that he did entertain the opinion.

■ Smith attempted to prove that Levitt could not have entertained his alleged belief by showing the organizations to which McCarthy belonged. Upon objection, all such evidence was rejected. Of course, if the list of such organizations had been proved, ground might have been laid for the inference that plaintiff did not believe he had such evidence. Likewise, by exclusion or definite proof of nonmembership in certain organizations, the inference might have seemed tenable. The trial court ruled McCarthy was not on trial, and rejected the tenders. The ground of exclusion was not impertinence of the offered evidence, but administrative convenience.

Such a basis for rejection is acceptable if no vital harm was done.

■ But the court was in error in limiting the field of inquiry on a similar line. Plaintiff was permitted to testify as to his belief in the membership of McCarthy in various organizations and to give a list of publications in which he found the "irrefutable evidence" of the subversive nature thereof. However, the trial court refused to allow Levitt to be cross-examined or to allow evidence to be introduced by Smith not only as to the character of these organizations or the contents of the publications wherein the supposed evidence, was found, but also as to the basis or existence of the alleged belief of the plaintiff. While the prevention of the use of the tribunal as lists where the champion of the opposition met the challenger wearing the colors of McCarthy in shock of battle was commendable and in the public interest, the truth of plaintiff's statement as to his opinion was in issue. The complete prohibition was erroneous. The trial court ruled the belief of plaintiff was cardinal. If there had been examination into its basis, the state of mind of plaintiff when he published the charge in the newspaper could have been ascertained.

■ This discussion brings up another point. The publication of the opinion of Levitt, containing the implication that McCarthy was a subversive, was met by the publication of the personal opinion of Smith that the implication was knowingly false, constituted character assassination and that Levitt was a liar. The whole text of the charge by Levitt was set out as a basis. The facts were correctly stated. The gravamen of the libel was in the opinion.

There are three elements for consideration in determining whether the publication of this opinion was beyond the pale of privilege. Each element must have been established by defendant by affirmative proof. These factors are: (1) the publication must not have been excessively vituperative and must have been within the limits of fair comment;

(2) plaintiff must have invited the rejoinder; and (3) there must have been sufficient interest in Smith and in the public to whom he communicated the charge.

■ Since the court expressly found that there was no malice, the question of the interest which Smith had in the controversy comes prominently to the fore. This interest clearly appears in the record. It need not, of course, be a financial interest. It need not be one based upon family ties or on consanguinity. Where the one attacked is in the political arena, his friends and supporters, as a rallying point for their political beliefs, may defend him by taking the offensive against his assailant. Here, if it were found by the trial court that Smith had no interest in the controversy permitting him to reply in kind, the finding would be clearly erroneous.

The court ruled the situation was not privileged. This finding was clearly erroneous. Joseph McCarthy was a United States Senator. Levitt has been many times a candidate for public office. "The Cross and the Flag" is a periodical publication which has discussed the fitness and availability of persons for public office in the past. Political figures are the subject of discussion. It would go far to limit that public enlightenment in regard to political personalities if the courts should hold that attack and defense of such figures cannot be made in the press. He who seizes the sword may be wounded by a sword. When Levitt published an attack in a newspaper, he laid himself open to reprisals.

If the attack be not malicious, the truth of the publication need not be established in order to make good the defense of conditional privilege. Whether the law of California[1] or the common law[2] be applied, the rulings require reversal.

Defendant raises other points, which need not presently be noticed.

Reversed.

STEPHENS, Circuit Judge (concurring).

I concur in the result reached by Judge FEE for the reasons expressed in the last two paragraphs of his opinion.

---

1. California Civil Code § 47(3); Emde v. San Joaquin County, etc., Council, 23 Cal. 2d 146, 155–156, 143 P.2d 20, 150 A.L.R. 916; Harris v. Curtis Publishing Co., 49 Cal.App.2d 340, 121 P.2d 761; Glenn v. Gibson, 75 Cal.App.2d 649, 171 P.2d 118, Quoting Restatement of Torts § 598.

2. Restatement of Torts §§ 566, 598, 599, 606, 610.